UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JOHNSON,

       Plaintiff,                    Case No.  03-72536

v.                                   District Judge Denise Page Hood
                                           Magistrate Judge R. Steven Whalen

HARRIS SPICER, et al.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

On July 1, 2003, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the Complaint be dismissed without prejudice, based on Plaintiff's failure to timely serve the Defendants.

**I.   FACTS**

Plaintiff filed his complaint *pro se* on July 1, 2003, listing the Saint Louis Correctional Facility as his address. Seeing that neither waivers of service nor summons returns had been filed as to Defendants, and that more than 120 days had elapsed since the filing of the complaint, this Court on February 1, 2005 entered an Order for Plaintiff to Show Cause why the Complaint should not be dismissed for failure to prosecute. The Court ordered Plaintiff to respond in writing by March 1,

2005. On February 15, 2005, the Show Cause Order sent to Plaintiff at the Saint Louis Correctional Facility was returned as undeliverable. Plaintiff has not notified the Court of any change of address. However, a check of the Michigan Offender Tracking Information System (OTIS) reveals that on August 23, 2003, Plaintiff was discharged from custody.

## II.   ANALYSIS

Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof thereof to the court." Under Fed.R.Civ.P. 4(m), service must be made upon a defendant within 120 days after filing the complaint, otherwise,

> "...the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

In its February 1, 2005 Order to Show Cause, this Court gave notice to the Plaintiff that the time for service had expired, and that a recommendation for dismissal was in the cards if good cause was not shown for non-service. The Order to Show Cause was sent to the last address which Plaintiff provided to this Court. He has not notified the Court of his new address, although it appears that he has been discharged from prison. It appears that Plaintiff has abandoned this case. Under these circumstances, the complaint should be dismissed without prejudice.

## III.   CONCLUSION

Accordingly, I recommend that the complaint be dismissed without prejudice

for failure to timely serve the Defendants, pursuant to Fed.R.Civ.P. 4(m).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen  
        **R. STEVEN WHALEN**  
        **UNITED STATES MAGISTRATE JUDGE**

**Dated: May 3, 2005**

## CERTIFICATE OF SERVICE

**The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 3, 2005.**

        s/G.K. Wilson  
        Judicial Assistant